UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRADNEY HENRY MCGARY,

v.  Case No. 8:18-cr-78-T-33TGW
8:20-cv-1914-T-33TGW

UNITED STATES OF AMERICA.

_____/

**ORDER**

This matter is before the Court pursuant to Bradney Henry McGary's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1, Crim. Doc. # 59), filed on August 12, 2020. The United States responded on August 25, 2020. (Civ. Doc. # 3). McGary failed to timely file a reply. For the reasons set forth below, the Motion is denied.

I.  **Background**

In February 2018, McGary pled guilty to conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(b), conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), two counts of Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a), (b), and 2, and using, carrying, and discharging a firearm during and in relation to a crime of violence in

1

violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. (Crim. Doc. # 5). McGary's conviction under Section 924(c) was predicated on one of his charges for Hobbs Act robbery. (Crim. Doc. # 45 at 5). On October 17, 2018, the Court sentenced McGary to 230 months' imprisonment, followed by eight years' supervised release. (Crim. Doc. # 53). McGary did not appeal.

On March 17, 2020, McGary filed a motion to appoint counsel, requesting assistance to challenge his sentence in light of the Supreme Court's ruling in Davis v. United States, 139 S. Ct. 2319 (2019). (Crim Doc. # 56). McGary's motion to appoint counsel was denied by Magistrate Judge Thomas G. Wilson on April 9, 2020. (Crim. Doc. # 57).

In June 2020, McGary filed an application for leave to file a second or successive Section 2255 motion with the Eleventh Circuit Court of Appeals. (Crim. Doc. # 58). The Eleventh Circuit denied McGary's application as unnecessary on June 29, 2020, explaining that "[a] search of all federal district-court dockets using McGary's name . . . revealed no prior [Section] 2255 motions that he filed." (Id. at 2).

On August 12, 2020, McGary filed the instant Motion to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. # 1, Crim. Doc. # 59), arguing that he is entitled to relief because the residual clause of 18 U.S.C. § 924(c) is unconstitutionally

2

vague. (Civ. Doc. # 1 at 4). The United States responded on August 25, 2020 (Civ. Doc. # 3), and McGary failed to reply before the deadline.

On September 15, 2020, McGary filed a motion to appoint counsel regarding this Motion (Civ. Doc. # 7), which was denied by the Magistrate on October 20, 2020. (Civ. Doc. # 8). McGary's Section 2255 Motion is now ripe for review.

## II. Discussion

McGary argues that he is entitled to relief because the residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague. (Civ. Doc. # 1 at 4). The claim is cognizable. McGary bears the burden of proving that he is entitled to relief under Section 2255. See Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015) ("[W]e note that Rivers bears the burden to prove the claims in his [Section] 2255 motion.").

The United States argues that the Motion should be denied because (1) it is not timely, and (2) regardless of the Supreme Court's ruling in Davis, "Hobbs Act robbery is a crime of violence under [Section] 924(c)'s elements clause." (Civ. Doc. # 3). The Court will address each argument in turn.

### A. Timeliness

First, the United States argues that McGary's Motion is untimely because he did not file his Motion within one year

3

of his judgment becoming final or within one year of the Supreme Court's ruling in Davis. (Civ. Doc. # 3 at 8). However, the United States does note that McGary attempted, pro se, "to challenge the constitutionality of his [Section] 924(c) conviction" in a motion to appoint counsel in March 2020, which was before Davis's one-year anniversary. (Id.).

The one-year statute of limitations for filing a Section 2255 motion begins to run from the latest of: (1) "the date on which the judgment of conviction becomes final"; (2) the date any unconstitutional government impediment to the movant's motion is removed; (3) "the date on which the right was initially recognized by the Supreme Court," if made retroactive; or (4) "the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

McGary's judgment of conviction became final on October 31, 2018, because the Court entered judgment on October 17, 2018, and McGary had fourteen days to file an appeal. (Doc. # 53); see Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment becomes final when the time for seeking that review expires."); see also Carabalis-Solis v. United States, No. 18-cv-2205-T-24TGW, 2018 WL 9537913, at *1

4

(M.D. Fla. Sept. 10, 2018) ("Judgment was entered against Petitioner on March 2, 2016, and thus, for purposes of the limitation period, Petitioner's conviction became final when the 14-day period for filing an appeal elapsed on March 16, 2016[.]"). Therefore, McGary had until October 31, 2019, to file a Section 2255 motion on any cognizable basis.

However, on June 24, 2019, the Supreme Court issued its ruling in Davis, holding that the residual clause of Section 924(c) was unconstitutionally vague. Davis, 139 S. Ct. at 2336. Therefore, Davis extended the time McGary had to file a Section 2255 Motion challenging his conviction under Davis until June 24, 2020. 28 U.S.C. § 2255(f)(3).

Although McGary did not file a Section 2255 motion until about two months after that deadline, in August 2020, he likely attempted to do so in his March 2020 pro se motion to appoint counsel and his June 2020 application for leave to file a second or successive Section 2255 motion. (Crim. Doc. ## 56; 58). However, even if McGary's Motion is treated as timely, it is denied on the merits.

### B. Applicability of Davis

The United States argues that McGary's Motion should be denied on the merits "because the holding in Davis does not impact his [S]ection 924(c) conviction." (Civ. Doc. # 3 at

5

9). The Court agrees that Davis does not impact McGary's sentence, and his Motion is therefore denied.

McGary was convicted of one count of using, carrying, and discharging a firearm during and in relation to a crime of violence under Section 924(c). (Crim. Doc. # 53). Section 924(c) defines a crime of violence as a felony that (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" ("elements clause") or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause"). 18 U.S.C. § 924(c)(3).

The residual clause is the subject of the Supreme Court's opinion in Davis. There, the Supreme Court deemed the residual clause's definition of a "violent" felony unconstitutionally vague. Davis, 139 S. Ct. at 2336. However, the Eleventh Circuit has repeatedly held since Davis that Hobbs Act robbery qualifies as a crime of violence under the *elements clause* of Section 924(c). See, e.g., United States v. McCain, 782 F. App'x 860, 862 (11th Cir. 2019) (per curiam) ("Our binding precedent holds that Hobbs Act robbery – the statute underlying both of McCain's predicate convictions – qualifies as a 'crime of violence' under [Section] 924(c)(3)(A)'s

elements clause."); Vega v. United States, 794 F. App'x 918, 920 (11th Cir. 2019) (per curiam) ("We are bound by our prior holding in Saint Fleur that Hobbs Act robbery is a crime of violence under [Section] 924(c)'s elements clause."); United States v. McCant, 805 F. App'x 859, 863-64 (11th Cir. 2020) (per curiam) (same).

Because McGary's conviction under Section 924(c) was predicated on his Hobbs Act robbery charge, which qualifies as a crime of violence under the elements clause, Davis does not impact his sentence. (Crim. Doc. # 45 at 5); see Battles v. United States, No. 3:17-cv-864-J-34MCR, 2020 WL 5407682, at *6 (M.D. Fla. Sept. 9, 2020) (finding that because the prisoner's convictions were based on Hobbs Act robbery under the elements clause, Davis did not afford him any post-conviction relief). Therefore, even assuming McGary's Motion is timely, it is denied on the merits. See Calderon v. United States, 811 F. App'x 511, 512 (11th Cir. 2020) (affirming the district court's denial of the prisoner's Section 2255 motion because his "conviction was based not only on his non-qualifying Hobbs Act conspiracy offense, but also on his offense for Hobbs Act robbery, which qualifies as a crime of violence under [Section] 924(c)'s elements clause").

7

### III. Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied

The Court declines to issue a certificate of appealability because McGary has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize McGary to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). McGary shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Bradney Henry McGary's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 59) is **DENIED**. The Clerk is directed to enter judgment for the United States of America and to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of October, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

8